UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHASE BANK USA, N.A.,

          Plaintiff,

        v.

DIANNE MARIE COMER aka DIANE COMER,
fka DIANE COMER PETERMAN, a single woman;
OREGON COLLECTION, INC.; STATE OF
OREGON; CROSSINGS AT CLACKAMAS, LLC

          Defendant.

Case No. 3:13-cv-01138-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff, Chase Bank USA, N.A., filed this lawsuit seeking declaratory judgment regarding the validity and enforceability of a deed of trust for the home of defendant Dianne Comer. Plaintiff filed a Motion for Summary Judgment [24] against Comer[1] on May 27, 2014. Oral argument was held on July 21, 2014. For the following reasons, plaintiff's Motion for Summary Judgment [24] is granted.

---

    [1] Defendants Oregon Collection, Inc., State of Oregon, and Crossings at Clackamas, LLC have yet to appear in this matter, so the current Motion applies to defendant Comer alone.

1 - OPINION AND ORDER

**FACTUAL BACKGROUND**

On April 4, 1997, Allen Peterman, Comer's former husband, purchased the home at 18183 SE ED Anna Court, Milwaukie, Oregon 97267 (the "Property"). To fund his purchase, Peterman borrowed $132,640.00 from Crossland Mortgage Corporation, and in exchange, Peterman executed a deed of trust for the Property, naming Crossland Mortgage Corporation as the beneficiary. The borrower of that deed of trust is identified as "ALLEN PETERMAN, AS AN INDIVIDUAL." Stines Decl. Ex. A.

At the time that Peterman purchased the Property, he was already married to Comer. Stines Decl. Ex. F at 3. The couple decided to purchase the Property in Peterman's name only, because they had concerns regarding Comer's credit score. Stines Decl. Ex. F at 4. Although her name was not on the title, Comer and Peterman equally contributed to mortgage payments throughout their marriage. Stines Decl. Ex. F. at 5.

On April 16, 2001, Peterman borrowed $131,500.00 from plaintiff to pay off and refinance his original loan. Peterman granted a deed of trust to plaintiff, and the deed identifies the borrower as "ALLEN PETERMAN, MARRIED & SOLE OWNER." Stines Decl. Ex. B.

Because Comer wanted to be named on the title to the Property, on June 3, 2003, Peterman executed a quitclaim deed, which conveyed Peterman's sole interest in the Property to both Peterman and Comer. Stines Decl. Ex. G.

Peterman refinanced his loan again on November 14, 2003. He borrowed $130,000.00 from plaintiff to pay off and refinance his 2001 Chase loan. The 2003 deed of trust identifies the borrower as "ALLEN PETERMAN, MARRIED." Stines Decl. Ex. C.

Peterman refinanced his loan a final time on January 30, 2007. He borrowed $187,000.00

2 - OPINION AND ORDER

from plaintiff to pay off and refinance his 2003 Chase loan. The 2007 deed of trust identifies the borrower as "ALLEN PETERMAN." Stines Decl. Ex. D.

In August of 2009, Peterman and Comer divorced and the court entered a General Judgment of Dissolution of Marriage; and Money Award, which was submitted and signed by Comer. Stines Decl. Ex. H at 11. In that document, Comer was awarded the Property. Stines Decl. Ex. H at 4. The document also distributed the couple's debts. Among other things, Comer agreed to pay the 2007 debt owed to plaintiff with a balance of $189,000.00. Stines Decl. Ex. H at 5.

Around the time of the divorce and thereafter, three quitclaim deeds have been recorded for the Property, conveying interests to Comer and one of her sons, then to both of Comer's sons, and finally back to Comer, individually. Stines Decl. Exs. J, K, L.

## STANDARDS

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted).

3 - OPINION AND ORDER

All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City & County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted).  Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party has limits.  The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The "mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).  Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

This case presents two legal questions for the court to address:

(1)    Is the 2007 deed of trust a valid and subsisting lien, encumbering the Property and encumbering any right, title, or interest of Comer?

(2)    If the 2007 deed of trust is not a valid lien, how does the doctrine of equitable subrogation apply?

The court will first address the validity of the 2007 deed of trust and reach the second question only if the lien is determined to be invalid.

### 1.    The Validity of the 2007 Deed of Trust

Plaintiff argues that the Clackamas County Circuit Court Judge who signed the General Judgment of Dissolution of Marriage; and Money Award (Judgment) had the authority to

4 - OPINION AND ORDER

distribute the debt incurred during Peterman and Comer's marriage. Therefore, plaintiff argues, Comer should be bound by the financial responsibility that she expressly undertook in the Judgment, which she prepared, and the court need not reach the second question of equitable subrogation.

This court agrees. The courts of the State of Oregon have the authority in a divorce proceeding to distribute the debts that are incurred by a couple during their marriage.. *In re Marriage of Ashlock*, 62 P.3d 874, 877 (Or. App. 2003) (citing *In re Marriage of McInnis*, 661 P.2d 942 (Or. 1983)). In exercising that authority, the courts must distinguish marital debts from those debts that benefitted only one of the parties. *In re Marriage of Christensen*, 292 P.3d 568, 572 (Or. App. 2012). In this divorce proceeding, the Circuit Court Judge for the Court of Clackamas County found that the 2007 home loan was a marital debt. Stines Decl. Ex. H at 5. There is no evidence that suggests that Comer disputed whether the 2007 loan was a marital debt at the time of disolution. In fact, it was Comer herself that prepared the Judgment that explicitly bound her to the loan amount of $189,000.00. Stines Decl. Ex. F at 9-10. This court finds no basis to upset that determination.

Comer, on the other hand, argues that the 2007 deed of trust is not a valid lien. Comer reasons that, at the time that the deed was executed, she had an undivided one-half interest in the Property; therefore, it was necessary for plaintiff to obtain her consent before encumbering her interest. Because her signature does not appear on the 2007 deed of trust, Comer asserts that the lien is invalid.

Oregon Revised Statute (ORS) 93.710 prescribes the proper means by which property is conveyed in Oregon:

5 - OPINION AND ORDER

> Any instrument creating a license, easement, profit a prendre, or a leasehold
> interest or oil, gas or other mineral interest or estate in real property or an interest
> in real property created by a land sale contract, or memorandum of such
> instrument or contract, which is executed by the person from whom the interest is
> intended to pass, and acknowledged or proved in the manner provided for the
> acknowledgment or proof of other conveyances, may be indexed and recorded in
> the records of deeds of real property in the county where such real property is
> located.

ORS 93.710 requires that any instrument creating an interest in real property be signed by the

person who holds the interest.  ORS 93.640 addresses the status of deeds that are not properly

recorded:

> Every conveyance, deed, land sale contract, assignment of all or any portion of a
> seller's or purchaser's interest in a land sale contract or other agreement or
> memorandum thereof affecting the title of real property within this state which is
> not recorded as provided by law is void as against any subsequent purchaser in
> good faith and for a valuable consideration of the same real property, or any
> portion thereof, whose conveyance, deed, land sale contract, assignment of all or
> any portion of a seller's or purchaser's interest in a land sale contract or other
> agreement or memorandum thereof is first filed for record, and as against the heirs
> and assigns of such subsequent purchaser.

Because the 2007 deed of trust was not signed by Comer, it did not satisfy the recording

requirements of ORS 93.710.   Because it was not properly recorded, ORS 93.640 would suggest

that the 2007 deed of trust is void.

However, the 2007 deed of trust is valid if Peterman had the authority to bind Comer, as

her agent.  A principal is liable for the actions of an agent if those actions are within the actual or

apparent authorization of the principal. *Jensen v. Medley*, 82 P.3d 149, 154 (Or. 2003).  Actual

authority may be express or implied.  Oregon courts have held that an agency between husband

and wife "may be implied from attending circumstances, and the apparent relations and conduct

of the parties." *Young v. Neill*, 220 P.2d 89, 94 (Or. 1950) (citation omitted) (holding that the

husband had implied authority to act on the wife's behalf based on a history of the wife

permitting the husband to conduct joint business in his name only) *adhered to on rehearing* 225

P.2d 66 (Or. 1950); *Hill v. Oland*, 655 P.2d 1088 (Or. App. 1982) (Thorton, J., dissenting).

"Where the issue is whether a husband was the agent of his wife, with the authority to act for her,

evidence that he had previously acted for her in the same type of transaction is admissible." *Id.*

(citations omitted). For example, in *In re Conduct of Carstens*, the Oregon Supreme Court held

that a husband had implied authority to sign his wife's name to a certificate of title in light of

evidence that established a prior course of similar conduct. 683 P.2d 992, 997 (Or. 1984).

In the present case, the facts establish a prior course of conduct in which Peterman

handled all finances related to the couple's home loan. During her deposition, Comer testified

that, despite being married since 1997, the couple made a joint decision to purchase the Property

in Peterman's name alone. Stines Decl. Ex. F at 4. In April 2001, the couple refinanced the

home, and only Peterman signed the deed of trust. Stines Decl. Ex. B. Comer does not attack

the validity of these deeds of trust, nor does she claim that she did not benefit from these

transactions. Even after Comer's name was placed on the title to the Property in June 2003,

Peterman refinanced the home in November 2003 in his name only. Still, Comer does not attack

the validity of the 2003 deed of trust, nor does she allege that she did not benefit from the

transaction. In fact, Comer demonstrated her agreement to each refinance by contributing to half

of the loan payments throughout the entirety of the marriage, presumably regardless of how the

amount of those payments fluctuated with each refinance. Stines Decl. Ex. F at 5. Comer

continued paying half of the loan payments even after the 2007 refinance, of which she alleges

she had no knowledge. Def's Mem in Opp'n to Mo. for Summ. J. [27] at 3. Accordingly,

7 - OPINION AND ORDER

plaintiff has demonstrated a course of conduct in which Comer allowed Peterman to handle the

Property's financing on the couple's behalf. Defendant has not introduced any evidence that calls

into question this course of conduct. As such, this court finds that Peterman had implied

authority to encumber Comer's interest in the Property in the 2007 deed of trust. Therefore, the

2007 deed of trust is a valid and subsisting lien, encumbering the Property and encumbering any

right, title, or interest of Comer. Because this court finds that the 2007 deed of trust encumbers

Comer's interest in the Property, the court need not reach the second question of equitable

subrogation.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Summary Judgment [24] is GRANTED.

IT IS SO ORDERED.

DATED this ___25___ day of July, 2014.

Ancer L. Haggerty
United States District Judge

8 - OPINION AND ORDER